**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4126**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JUAN ROBLERO-MENDEZ, a/k/a Francisco Redon Roblero,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:16-cr-00064-FL-1)

Submitted: October 18, 2018                Decided: October 24, 2018

Before MOTZ and KING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Roblero-Mendez pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). The district court sentenced Roblero-Mendez to 27 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Roblero-Mendez argues that the sentence is substantively unreasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. White*, 810 F.3d 212, 229 (4th Cir. 2016). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We then review the substantive reasonableness of the sentence. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *White*, 810 F.3d at 230 (internal quotation marks omitted).

Here, Roblero-Mendez has not challenged the district court's calculation of the Guidelines range, consideration of that range or the statutory factors, or explanation for the sentence on appeal. With respect to the substantive reasonableness of the sentence, we have reviewed the record and conclude that Roblero-Mendez has failed to overcome the presumption of reasonableness applied to his within-Guidelines sentence.

2

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*